UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14388-CIV-MOORE/MAYNARD

LENIR RICHARDSON,

    **Plaintiff,**

v.

THE INTERNAL REVENUE SERVICE,

    **Defendant.**
_____/

**REPORT & RECOMMENDATION**

**THIS CAUSE** has been referred to me for appropriate disposition of all pretrial matters. [DE 5]. Presently pending is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. [DE 3]. Upon due consideration, I respectfully recommend that Plaintiff's request to proceed *in forma pauperis* ("IFP") be **DENIED WITHOUT PREJUDICE** and that Plaintiff's Complaint be **DISMISSED** with leave to amend.

**BACKGROUND**

Plaintiff Lenir Richardson, proceeding *pro se*, began this action on September 22, 2021. The Complaint's caption cites 42 U.S.C. § 1983 and 26 U.S.C. § 4963. [DE 1 at 1]. The below background facts are drawn from the Complaint.

The Internal Revenue Service ("IRS") "initiated an absurd bill against Plaintiff" in 2018 claiming that Plaintiff owed "over t[]en thousand in taxes for 2016, due to Plaintiff's former employer, M&T Home Builders, LLC, misleading filing." [DE 1 at 1]. Due to "mistakes and misleading issues on Plaintiff's [2016] tax return … caused by those who prepared her taxes," Plaintiff claims she later received a bill saying she owed an incorrect amount in taxes plus unfounded penalties. [*Id.* at 3-10].

Plaintiff "inquired hundreds of times, for the IRS to explain why they were charging such a high tax against the Plaintiff, but IRS refused to answer Plaintiff's inquiries." [*Id.* at 5]. In 2020, not knowing what to do to stop the IRS from attempting to collect on the false bill levied against her, Plaintiff says she agreed to place the disputed tax bill on a "non-collectible" status. [*Id.* at 2-3, 7].

As relief, Plaintiff seeks for the Court to stop the IRS "from continuing generating absurd and fraudulent bills," demand that the IRS address the 2016 tax dispute issue, order Plaintiff to be under a fresh start program with the IRS, and order the IRS to pay for Plaintiff's pain and suffering caused by the alleged fraudulent bill. [*Id.* at 10-11]. Although the Complaint refers to documents attached as Exhibits A-D, no exhibits are attached to the Complaint.

## **LEGAL STANDARD**

A court may authorize the commencement of an action without prepayment of fees if a plaintiff "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP ["in forma pauperis"]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). "When considering a motion filed pursuant to § 1915(a)," the court should determine if "the statements in the affidavit satisfy the requirement of poverty.'" *Id.* at 1307 (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "Such an affidavit will be held sufficient if it represents that the litigant, because of his[/her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself[/herself] and his[/her] dependents." *Id.*

Moreover, upon a plaintiff's submission of an affidavit of indigency in support of a motion to proceed without prepayment of the filing fee, a district court may screen the complaint and must "dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" under 1915(e)(2)(B)(i) if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327. The category of factual contentions that are "clearly baseless" includes those that are "fanciful," "fantastic," "delusional," or that "rise to the level of irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). However, a complaint may not be dismissed under section 1915(e)(2)(B) simply because a court finds the plaintiff's allegations unlikely. *Id.*

Dismissals for failure to state a claim under section 1915(e)(2)(B) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Thus, when reviewing a complaint under section 1915(e)(2)(B), a court must apply the standard of review applicable to Rule 12(b)(6) motions and accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. *Burns v. Jorandby*, 2008 WL 11454800, at *1 (S.D. Fla. Mar. 28, 2008).

While *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally construed, *see, e.g., Alba*, 517 F.3d at 1252, "[t]he pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Liberally construing a pro se pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

## DISCUSSION

I will first consider Plaintiff's IFP application and then proceed to determine if Plaintiff's Complaint survives screening under 28 U.S.C. § 1915(e)(2).

### A.  IFP Application

Plaintiff reports receiving gross pay or wages of $2,444 but does not indicate the source of this income or how often she receives it. [DE 3 at 1]. She reports having no other sources of income, having $2,000 in cash or in bank accounts (with $1,000 going to "pay bill 9/18/21"), and owning a 2006 vehicle. [*Id.* at 1-2]. Against these earnings and assets, Plaintiff claims the following monthly expenses:  $1,390 (mortgage), $100 (transportation), $390 (debt consolidation), $100-$900 (medical), and $200 (other) [*Id.* at 2]. Plaintiff avers that she has no dependents and owes debts or financial obligations of $5,000 [*Id.* at 2].

Plaintiff's application is incomplete as it does not indicate how often she receives her income and the source of that income. Thus, I am unable to properly assess the application and make an informed decision about whether or not Plaintiff can afford to pay the requisite filing fee without foregoing the necessities of life. Thus, I recommend that Plaintiff's application be **DENIED WITHOUT PREJUDICE** to being renewed to correct this deficiency if appropriate.

### B.  Complaint

Even if Plaintiff had sufficiently shown economic eligibility to proceed without paying the filing fee, a screening of her Complaint shows that it fails to state a cognizable claim for relief.

First, the IRS is not a proper party to this action. Congress has not expressly authorized suit against the IRS; thus, the United States is the only real party in interest. *See Deleeuw v. Internal*

*Revenue Service,* 681 F. Supp. 402, 403-04 (E.D. Mich.1987) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952) ("An executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly been [sic] conferred by Congress … Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued.")).  Thus, as pled, Plaintiff's putative claim against the IRS is subject to dismissal.

Second, the Complaint fails to satisfy minimum pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10.  Rule 8 requires a complaint to assert "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Rule 10 relatedly requires a complaint to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence … be stated in a separate count."  Fed. R. Civ. P. 10(b).  Rules 8 and 10 "work together to require the pleader to present his[/her] claims discretely and succinctly, so that his[/her] adversary can discern what he[/she] is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted …" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Here, the Complaint is comprised of largely disjointed allegations that are hard to follow.  The allegations are not set out in chronological order.  In addition, salient dates and details about what happened, when it happened, and who was involved are missing.  It does not assert separate claims or counts founded on separate occurrences as required.  On the contrary, it offers conclusory allegations of harm by the IRS and potentially others not named as Defendants.  It also fails to identify in a meaningful way exactly how or why the IRS is subject to liability.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 788 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (complaint containing "conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action" fails to satisfy Rules 8 and 10). The fact that Plaintiff is proceeding *pro se* does not excuse her failure to comply with these basic pleading requirements. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

Third, the two federal statutes Plaintiff cites – 42 U.S.C. § 1983 and 26 U.S.C. § 4963 – do not provide grounds for the relief sought. Plaintiff has not alleged that Defendant, a federal agency, is a state actor as required to state a claim under section 1983. *See Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [Plaintiff] must show that he[/she] was deprived of a federal right by a person acting under color of state law."). Plaintiff's reliance on section 4963 of the Internal Revenue Code fares no better. This section sets forth "Definitions" of terms pertaining to the abatement of first and second tier taxes in certain cases and does not provide for a private cause of action by a taxpayer against the United States. 26 U.S.C. § 4963.

In all, Plaintiff appears to be challenging the amount of federal tax she owes from tax year 2016. However, the Complaint's disjointed and conclusory allegations do not offer fair notice of how or why the IRS is liable to her. The Complaint plainly fails to state a proper claim for relief that includes citation to pertinent legal authority under the Internal Revenue Code or otherwise.[1] As such, the Complaint is subject to dismissal.

## CONCLUSION

Plaintiff's incomplete application does not provide sufficient information to assess her entitlement to proceed without the payment of fees and costs. In addition, the Complaint contains pleading deficiencies and fails to state a cognizable claim for relief. Accordingly, I respectfully **RECOMMEND** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or

---

[1] I recognize that the Internal Revenue Code provides for civil damages for certain unauthorized activity by the IRS, *see, e.g.* 26 U.S.C. §§ 7431-7435, however Plaintiff has not cited to any of these sections and I am not permitted to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168-69.

Costs [DE 3] be **DENIED WITHOUT PREJUDICE** and that this case be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B). I recommend that the dismissal be without prejudice and that Plaintiff be permitted to amend her Complaint within 30 days of the date of an Order on this Report should she be able to overcome the pleading deficiencies raised in this Report. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003).

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 1st of December, 2021.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE